UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL E. ELLIS,<br><br>   Plaintiff,<br><br>   v.<br><br>STATE OF CALIFORNIA FRANCHISE TAX BOARD,<br><br>   Defendant. | Case No. 21-cv-06175-JSW<br><br>**ORDER GRANTING MOTION TO DISMISS AND DENYING MOTION TO STRIKE**<br><br>Re: Dkt. Nos. 8, 12 |

Now before the Court is the motion to dismiss the complaint pursuant to Federal Rules of Civil Procedure 12(b)(1) for lack of subject matter jurisdiction and 12(b)(6) for failure to state a claim upon which relief can be granted filed by Defendant State of California Franchise Tax Board ("FTD"). In response to the motion to dismiss, Plaintiff Michael E. Ellis ("Plaintiff") appearing *pro se*, filed a motion to strike the motion. (Dkt. No. 12.) Plaintiff also filed a response to the reply and opposition. (Dkt. No. 15.) The Court has considered the parties' papers, relevant legal authority, and the record in the case, and it finds this matter suitable for disposition without oral argument. *See* N.D. Civ. L.R. 7-1(b). For the following reasons, the Court GRANTS FTD's motion to dismiss and DENIES Plaintiff's motion to strike.[1] The hearing set for November 19, 2021 and the case management conference set for November 12, 2021 are HEREBY VACATED.

---

[1] A motion to strike under Federal Rule of Civil Procedure 12(f) enables the Court to strike "from a pleading an insufficient defense or any redundant, immaterial, impertinent or scandalous matter." The pending motion to dismiss is not a pleading and therefore not the proper subject of a motion to strike. Regardless, the Court finds FTB's motion does not contain material that that is redundant, immaterial, impertinent or scandalous. Accordingly, Plaintiff's motion to strike is DENIED.

**BACKGROUND**

Plaintiff sues the FTD for alleged violations of the Freedom of Information Act ("FOIA"). 5 U.S.C. § 552. Plaintiff alleges that he submitted a request for records on or about June 17, 2021 and further alleges that the FTB did not respond as required by law or request an extension of time to respond. (Complaint at 2, 4.) Plaintiff also cites the California Public Records Act and alleges that the FTB refused to correct erroneous records pertaining to him. (*Id.* at 1, 3, citing California Civil Code § 1798.24.)

Plaintiff's single claim for relief stems from the FTB's alleged failure to respond to his request for records pursuant to the FOIA. In the prayer portion of the complaint, Plaintiff seeks an order from this Court declaring that FTB's failure to respond was unlawful and seeks injunctive relief to direct the FTB to respond to Plaintiff's FOIA request: either to make available any and all documentations responsive to his FOIA request, to assert a valid exemption for withholding the documentation, or to state that no such documentation exists. (*Id.* at 4.)

**ANALYSIS**

**A.      Legal Standards on Motion to Dismiss.**

A court may dismiss a complaint for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1). A motion to dismiss under Rule 12(b)(1) may be "facial or factual." *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004). Where, as here, a defendant makes a facial attack on jurisdiction, factual allegations of the complaint are taken as true. *Fed'n of African Am. Contractors v. City of Oakland*, 96 F.3d 1204, 1207 (9th Cir. 1996). The plaintiff is then entitled to have those facts construed in the light most favorable to him or her. *Fed'n of African Am. Contractors*, 96 F.3d at 1207.

A motion to dismiss is proper under Federal Rule of Civil Procedure 12(b)(6) where the pleadings fail to state a claim upon which relief can be granted. A court's "inquiry is limited to the allegations in the complaint, which are accepted as true and construed in the light most favorable to the plaintiff." *Lazy Y Ranch Ltd. v. Behrens*, 546 F.3d 580, 588 (9th Cir. 2008). Even under the liberal pleading standard of Rule 8(a)(2), "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a

formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). Pursuant to *Twombly*, a plaintiff must not merely allege conduct that is conceivable but must instead allege "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556).

If the allegations are insufficient to state a claim, a court should grant leave to amend, unless amendment would be futile. *See, e.g., Reddy v. Litton Indus., Inc.*, 912 F.2d 291, 296 (9th Cir. 1990); *Cook, Perkiss & Liehe, Inc. v. N. Cal. Collection Serv., Inc.*, 911 F.2d 242, 246-47 (9th Cir. 1990). However, "[t]he district court's discretion to deny leave to amend is … broad where plaintiff has previously amended the complaint." *Allen v. City of Beverly Hills*, 911 F.2d 367, 373 (9th Cir. 1990) (internal quotations and citation omitted).

**B.     Analysis.**

Here, the Court lacks subject matter jurisdiction over Plaintiff's single claim for injunctive and declaratory relief directing FTB to respond to Plainitff's request for records under the FOIA. FOIA, however, applies only to federal and not to state agencies. *See Grand Central Partnership, Inc. v. Cuomo*, 166 F.3d 473, 484 (2d Cir. 1999) ("it is beyond question that FOIA applies only to federal and not to state agencies."); *see also St. Michael's Convalescent Hosp. v. State of California*, 643 F.2d 1369, 1373 (9th Cir. 1981) (holding that the definition of "agency" under FOIA "does not encompass state agencies or bodies"). FTB is a state agency.[2] Accordingly, the Court lacks subject matter jurisdiction over Plaintiff's claim.

The Court also finds that although Plaintiff mentions the provisions of the California Public Records Act, he fails to state a claim in his current complaint under California law. *See* Fed. R. Civ. P. 12(b)(6). Regardless, in the absence of a valid federal claim under the FOIA, the

---

[2]  Plaintiff seeks the Court's judicial notice of the fact that FTB is not registered as a California corporation. (*See* Dkt. No. 13.) The FTB is not a corporation, but rather a state agency. Regardless, there is no valid contention that the FOIA is a federal agency subject to FOIA.

Court cannot exercise supplemental jurisdiction over a possible claim under California law.  *See* 28 U.S.C. § 1367(a); *Herman Family Recovable Trust v. Teddy Bear*, 254 F.3d 802, 805 (9th Cir. 2001) (holding that the plain language of the statute "makes clear that supplemental jurisdiction may only be invoked when the district court has a hook of original jurisdiction on which to hang it."); *see contra Calonge v. City of San Jose*, 523 F. Supp. 3d 1101, 1107 (N.D. Cal. 2021) (holding that the court could exercise supplemental jurisdiction over California Public Records Act claim because it arose from the same case or controversy as viable federal law claims).  A claim under California law may lie in state court, but does not confer jurisdiction to this Court.

## CONCLUSION

For the foregoing reasons, the Court GRANTS the FTB's motion to dismiss.  The Court also finds that amendment would be futile as there is no federal claim under FOIA for records requested to defendant FTB, a state agency.  Without a viable claim under federal law, the Court must DISMISS the complaint without leave to amend.

The Court shall issue a separate judgment and the Clerk shall close the file.

**IT IS SO ORDERED.**

Dated: October 19, 2021

JEFFREY S. WHITE
United States District Judge